UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00525-RJC

| | |
|---|---|
| DARCEL DENISE DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | **Order** |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment. (Doc. Nos. 12, 14). Having fully considered the written arguments, administrative record, and applicable authority, the Court grants Plaintiff's Motion for Summary Judgment and remands this matter for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff Darcel Dixon ("Dixon") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of her social security claim. Dixon filed her applications for disability insurance benefits and supplemental security income on July 9, 2014, with an alleged onset date of January 1, 2011. (Tr.[1] 54).

In denying Dixon's social security claim, the ALJ held a hearing on Dixon's claim and conducted a five-step sequential evaluation, ultimately finding Dixon was capable of performing past relevant work and other jobs that existed in significant numbers in the national economy. (*Id.* at 54-64). After exhausting her administrative remedies, Dixon appealed to this Court and the Honorable Graham C. Mullen remanded her case to the Commissioner for the ALJ to consider

---

[1] Citations to "Tr." throughout the order refer to the administrative record at Doc. No. 10.

new medical opinion and treatment records from Dixon's treating physician, Dr. Pugh. (*Id.* at 621-627).

On remand, the same ALJ held another hearing on Dixon's claim for disability benefits. (*Id.* at 503-504). The ALJ again conducted a five-step sequential evaluation. (*Id.* at 506-518). At step one, the ALJ found that Dixon had not engaged in substantial gainful activity since January 1, 2011, the alleged onset date. (*Id.* at 506). At step two, the ALJ found that Dixon had the following severe impairment: generalized seizure disorder. (*Id.* at 507-508). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.* at 508). Before moving to step four, the ALJ found that Dixon had the residual functional capacity ("RFC") as follows:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: frequent not constant exposure to workplace hazards, such as unprotected heights and dangerous machinery.

(*Id.* at 508-515). At step four, the ALJ found that Dixon is capable of performing past relevant work as a home attendant, child monitor, teacher aide II, and security guard. (*Id.* at 515-518). Alternatively, at step five, the ALJ found that Dixon could perform other jobs that existed in significant numbers in the national economy. (*Id.*).

After exhausting her administrative remedies, Dixon brought the instant action for review of Defendant's decision. (Doc. No. 1).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th

Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

Dixon argues remand is warranted for two reasons: (1) the ALJ did not properly explain why she discounted the opinion of Dixon's treating physician Dr. Pugh; and (2) the ALJ was unconstitutionally appointed. Remand is warranted based on Plaintiff's first challenge.

For claims filed before March 27, 2017, the regulations require ALJs to "always consider the medical opinions in your case" and to "evaluate every medical opinion" received. 20 C.F.R. § 404.1527(b)–(c). Under these regulations, more weight is generally to be given to medical opinions from the claimant's treating sources. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 268 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)). "Under the regulation's treating physician rule, controlling weight is to be accorded to 'a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s)' if that opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record.'" *Brown*, 873 F.3d at 256 (quoting 20 C.F.R. § 404.1527(c)(2)). "Thus, by negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (internal quotation marks and brackets omitted). The ALJ must "give good reasons" for the weight given to a treating source's opinion. 20 C.F.R. §§ 404.1527(c)(2).

"When a treating source's medical opinion is not given controlling weight, [six] factors are utilized to determine what lesser weight should instead be accorded to the opinion." *Brown*, 873 F.3d at 256. The six factors that must be considered when determining "the weight the opinion should be afforded [are]: (1) the '[l]ength of the treatment relationship and the frequency of examination'; (2) the '[n]ature and extent of the treatment relationship'; (3) '[s]upportability,' i.e., the extent to which the treating physician 'presents relevant evidence to support [the] medical

opinion'; (4) '[c]onsistency,' i.e., the extent to which the opinion is consistent with the evidence in the record; (5) the extent to which the treating physician is a specialist opining as to 'issues related to his or her area of specialty'; and (6) any other factors raised by the parties 'which tend to support or contradict the medical opinion.'" *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 384-85 (4th Cir. 2021) (alteration in original) (quoting 20 C.F.R. § 404.1527(c)(2)(i)–(6)). "While an ALJ is not required to set forth a detailed factor-by-factor analysis in order to discount a medical opinion from a treating physician, it must be apparent from the ALJ's decision that [s]he meaningfully considered *each* of the factors before deciding how much weight to give the opinion." *Dowling*, 986 F.3d 377, 384-86 (emphasis in original) (remanding for "failing to acknowledge and apply each of these six factors"); *see also Triplett v. Saul*, 860 Fed. App'x 855, 865 (4th Cir. June 23, 2021) (remanding under *Dowling* for failing to properly consider section 404.1527(c)(2) factors).

Here, the ALJ gave Dixon's treating physician Dr. Pugh's opinions little or "less" weight. (Tr. 513-514). When evaluating Dr. Pugh's opinions, the ALJ considered in detail the supportability and consistency of Dr. Pugh's opinions. Specifically, the ALJ explained why she considered Dr. Pugh's opinions as inconsistent with his treatment records and with the other evidence in the record. However, in evaluating Dr. Pugh's opinion, the ALJ failed to explain how she considered the length, nature, and extent of Dixon and Dr. Pugh's relationship. Additionally, the ALJ failed to explain how she considered whether Dr. Pugh is a specialist opining on issues of his specialty. True, the ALJ mentioned Dr. Pugh is a neurologist and began treating Dixon in 2015, but that alone is insufficient. *Triplett*, 860 Fed. App'x at 864-65 ("True, the ALJ mentioned that Gray had seen Triplett for approximately five years and was her family physician. But the ALJ failed to explain whether she considered either the length or the nature of the treating relationship,

as she was required to do under § 404.1527(c), before discounting Gray's opinion. And her analysis failed even to acknowledge the other three § 404.1527(c) factors."). Because Dixon's claim was filed before March 27, 2017, the ALJ was required to consider all of the 20 C.F.R. § 404.1527(c) factors before giving little weight to Dr. Pugh's opinions, and it must be apparent from the ALJ's decision that she meaningfully considered each of these factors. *Id.* The Commissioner argues the weight the ALJ gave to Dr. Pugh's opinion is supported by substantial evidence but does little to explain how the ALJ's decision demonstrates that the ALJ actually evaluated all of the § 404.1527(c) factors. It is not apparent that the ALJ considered all the § 404.1527(c) factors when giving little weight to Dr. Pugh's opinions; therefore, remand is warranted.

By ordering remand, the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. *See Patterson*, 846 F.3d at 663. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989)).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 12), is **GRANTED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 14), is **DENIED**; and
3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

The Clerk is directed to close this case.

**SO ORDERED.**

Signed: March 9, 2023

Robert J. Conrad, Jr.
United States District Judge